UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BARRY CIVIL CONSTRUCTION INC.,<br><br>Defendant. | CASE NO. C16-387-BAT<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Local 302 of the International Union of Operating Engineers; Locals 302 and 612 of the International Union of Operating Engineers – Employers Construction Industry Retirement Fund; Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund; and the Western Washington Operating Engineers – Employers Training Trust Fund, filed this action to collect unpaid trust fund contributions, liquidated damages, interest, attorney's fees, costs, and auditor fees from defendant Barry Civil Construction Inc. ("Barry Civil"). Dkt. 1. Plaintiffs have moved, without opposition, for summary judgment. Dkt. 11. For the following reasons, the Court **GRANTS** plaintiffs' motion for summary judgment.

ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 1

**BACKGROUND**

The relevant facts are undisputed. On March 3, 2015, plaintiffs initiated this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA") and Section 301(a) of the Taft–Hartley Act, 29 U.S.C. § 185(a), to recover unpaid trust fund contributions, liquidated damages, audit fees, interest, attorney's fees, and costs. Dkt. 1. Plaintiffs are three trust funds and a local union. The trust fund plaintiffs operate under § 302 of the Labor Management Relations Act of 1947 to provide certain benefits to eligible participants. Local 302 is an employee organization within the meaning of the ERISA. Defendant Barry Civil employed members of a bargaining unit represented by Local 302.

Defendant Barry Civil is a signatory to a compliance agreement with Locals 302 and 612. By signing the compliance agreement, Barry Civil agreed to adopt the collective bargaining agreement ("CBA") in place at the time, and any successor agreement. Under the CBA, Barry Civil was also bound by three trust agreements: Locals 302 and 612 Operating Engineers – Employers Retirement Fund Trust Agreement, Locals 302 and 612 International Union of Operating Engineers Construction Industry Health and Security Fund Trust Agreement, and Western Washington Operating Engineers – Employers Training Fund Trust Agreement (collectively, "Trust Agreements"). The Trust Agreements require that Barry Civil report and pay monthly contributions to the trust fund plaintiffs, based in part upon the hours of compensation Barry Civil pays its employees who are members of the bargaining unit represented by Local 302. The Trust Agreements also require that Barry Civil pay liquidated damages, interest, payroll auditor fees, attorneys' fees, and costs in relation to the collection of delinquent contributions.

Barry Civil was required under the Trust Agreements to self-report and timely pay contributions to the trust funds. The trust funds rely on these self-reports but also conduct their

ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 2

own regular compliance testing through the Welfare and Pension Administration Service, Inc. ("WPAS"), the entity responsible for administering the trust funds. Barry Civil's noncompliance in failing to pay certain required contributions was discovered by WPAS during "for-cause" testing in March 2016, covering the period January 1, 2014 through September 30, 2015. The WPAS testing found Barry Civil owed $214,580.68 in underpayments for fringe benefit contributions, $26,056.49 for liquidated damages, and $28,505.40 for interest, pursuant to the Trust Agreements. The amounts owed during the testing period were revised by the trust fund plaintiffs in September 2016, to reflect contributions, liquidated damages, and interest already paid pursuant to a March 2015 settlement agreement stemming from other litigation. Accordingly, plaintiffs' motion for summary judgment seeks $68,491.76 in contributions, $8,503.92 for liquidated damages, $21,943.28 in interest as of September 20, 2016 (to continue to accrue until contributions have been paid in full), reasonable attorneys' fees and costs (to be determined at a later date), and reasonable audit fees (to be determined at a later date).[1]

## DISCUSSION

A court should grant summary judgment when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, it is entitled to summary judgment

---

[1] Plaintiffs calculate the audit fees to have been $3,771.00 as of September 20, 2016, but contend these fees will increase "if this litigation continues and/or if additional testing is required and further work is performed by WPAS in compliance testing." Dkt. 11 at 14. Plaintiffs' Proposed Order requests "reasonable testing fees to be determined at a later date." Dkt. 11-1 at 2.

ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 3

if the nonmoving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Plaintiffs have shown, and defendant does not dispute, that under the ERISA and pursuant to the CBA and Trust Agreements, defendant is liable for unpaid contributions from January 1, 2014 through September 30, 2015, interest on that amount, liquidated damages, and attorney's fees and costs, as adjusted by the amounts already paid pursuant to a March 2015 settlement agreement.[2]  Under 29 U.S.C. § 1132(g)(2), in an action seeking payment of delinquent contributions in which the court awards judgment in favor of the plan, the court shall award the plan:

    (A)    the unpaid contributions,
    (B)    interest on the unpaid contributions,
    (C)    an amount equal to the greater of—

        (i)    interest on the unpaid contributions, or
        (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).  A plan is entitled to an award under § 1132(g)(2) under the following conditions: "(1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (citing *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212,

---

[2] Under 29 U.S.C. § 1145, an employer who is obligated to make contributions to an employee benefit plan must make the contributions in accordance with the terms of the governing CBA.

ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 4

215 (9th Cir. 1989)).  As all of the conditions are met here, and plaintiffs seek liquidated damages less than either the amount in interest on unpaid contributions or 20 percent of the unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(C), plaintiffs are entitled to an award of liquidated damages in the amount they seek, $8,503.92.

## CONCLUSION

For the reasons stated above, the Court **ORDERS:**

Plaintiffs' motion for summary judgment (Dkt. 11) is **GRANTED**.  Plaintiffs are **AWARDED $68,491.76** for contributions and **$8,503.92** for liquidated damages.  Plaintiff may submit a supported calculation of reasonable attorney's fees and costs, testing (audit) fees, and interest ($21,943.28 as of September 20, 2016 and accruing) no later than **January 25, 2017**.  Defendant may respond to the calculations no later than **January 30, 2017** and plaintiffs may reply no later than **February 3, 2017**.

DATED this 11th day of January, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge